UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOSHUA MOODY,                  )
                               )
            Petitioner,        )
v.                             )    No. 2:11-cv-17-JMS-WGH
                               )
ALAN FINNAN,                   )
                               )
            Respondent.        )

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Joshua Moody has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. WVE 10-01-001, Moody was found guilty of violating prison rules at the Putnamville Correctional Facility, an Indiana prison, through his unauthorized use or possession of electronic devices. The evidence favorable to the decision of the hearing officer is that a search of Moody's cell revealed Moody to have been in possession of a cell phone charger, contraband. Contending that the proceeding was constitutionally infirm, Moody seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Moody received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In

addition, (1) Moody was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Moody to the relief he seeks. He claims that his request for production of a video surveillance tape was wrongly rejected. However, the expanded record shows that he did not request the video tape at the appropriate point in the process. *Sweeney v. Parke,* 113 F.3d 716, 720 (7th Cir.1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was fulfilled and his due process rights were not violated). Even if he had done so, however, he could not prevail in this case for these reasons: the conduct report recited that the search of Moody's cell had occurred on December 28, 2009. Moody claims that he requested the video surveillance tape to demonstrate that no search occurred on that date recited in the conduct report. The December 28, 2008, date was admittedly an error on the part of the individual who filled in the conduct report; the actual date of the search of the cell and seizure of the contraband was the following day, December 29, 2009. Moody was advised of this error, and of the corrected date, before the disciplinary hearing. Thus, a video of the cell taken on December 28, 2009, would admittedly show nothing in relation to the charged misconduct. Moody contends, however, that a video of the cell from December 29, 2009, would show no search of his cell. It would be disingenuous to rest on his failure to have requested such video, but even such a video would simply compel the hearing officer to weigh conflicting evidence. That is not the task of this court in the exercise of its habeas corpus jurisdiction, *see McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis. . . ."); *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' on support of its conclusion")(quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)), and thus obtaining the video would not establish Moody's entitlement to relief.

Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/27/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana